```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

MARK J. PAGE                    :    CIVIL ACTION
                                :
        v.                      :
                                :
QUAKER VALLEY FOODS, INC.       :    NO. 02-2731

<u>ORDER</u>

   AND NOW, this 10th day of September, 2002, upon review of the docket in this case, in which Mark Page is proceeding as plaintiff <u>pro</u> <u>se</u>, and the Court finding that:

   (a) Page commenced this action on May 7, 2002 with a <u>pro</u> <u>se</u> complaint, a motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, and a request for appointment of attorney;

   (b) On May 10, 2002, we granted Page leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, and on May 15, 2002 we denied Page's request for appointment of attorney without prejudice, giving him until June 21, 2002 to re-file the request for an attorney demonstrating the attempts he has made to secure counsel, and placed the matter in Civil Suspense;

   (c) Page did not file another request for appointment of attorney;

   (d) The United States Marshall served the summons and complaint on July 23, 2002;

   (e) On July 25, 2002, defendant Quaker Valley Foods, Inc. filed a motion for a more definite statement, to which Page did not file a response;

   (f) By Order dated August 16, 2002 we notified plaintiff that he did not file a timely response to defendant's motion for a more definite statement and that he must file a

response and serve it on defendant by September 6, 2002, or risk dismissal of his case for lack of prosecution; and

    (g) Page has still not filed a response;

It is hereby ORDERED that:

1. The case is TRANSFERRED to our Active Civil Docket;

2. Defendant's motion for a more definite statement (Doc. No. 7) is GRANTED AS UNCONTESTED;

3. The complaint is DISMISSED WITHOUT PREJUDICE; and

4. The Clerk shall CLOSE this case statistically.

    BY THE COURT:

_____
Stewart Dalzell, J.